## McWhorter & Young *vs.* Sell.

Where one partner sold his interest in a note, payable to the firm, to
the other partner and afterwards died, in a suit by the transferee,
the makers were not competent witnesses to show payment to the
deceased partner·

Witnesses.   Evidence.   Before Judge POTTLE.   Ogle-
thorpe Superior Court.   April Term, 1880.

Reported in the decision.

McWHORTER Bros.; W. T. JOHNSON, for plaintiffs
in error.

CHAS. S. DuBOSE, for defendant.

SPEER, Justice.

In March, 1879, Sell and Foster brought their suit
against McWhorter & Young, on a note for three hun-
dred and seventy-eight dollars.   On this note there was a
credit, on 15th of December, 1875, for $150.00 ; on 23d of
July, 1878, for $3.98.   Defendants filed to said suit pleas
of the general issue and of payment.   Pending the trial
plaintiffs amended their writ by striking out Sell & Foster
as plaintiffs, and inserting in lieu the name of E. E. Sell,

v 66—9

Foster, one of the original plaintiffs, being dead, and pre-vious thereto having sold his interest to Sell. During the trial of said case, defendants were offered as witnesses in their own behalf, to prove a payment of money on the note to Charles Foster, the other plaintiff not being present, and it being admitted that Foster was dead. The testi-mony was rejected by the court. The jury found for the plaintiff and defendants moved for a new trial—relying mainly upon the ground of the alleged error of the court in rejecting the defendants as witnesses to prove the pay-ment of money to Foster, one of the payees of said note, he being dead. The motion was refused by the court, and defendants excepted.

The Code provides "where one of the original parties to the contract or cause of action in issue or on trial is dead, or is shown to the court to be insane, or where an executor or administrator is a party in any suit on a con-tract of his testator or intestate, the other party shall not be admitted to testify in his own favor." Code, §3854.

Here, Foster, the dead man, was one of the original parties to the note, being one of the payees—this note is the contract sued on. Defendants pleaded payment and seek to show by *their own testimony* the fact of the alleged payment made to Foster. Is not this in conflict with the before recited section, that declares where one of the original parties to the contract is dead the other party shall not be admitted to testify *in his own favor*? Does the fact that Foster had sold out his interest in the note affect or vary the rule? We think not. If it be true that Foster has collected this money and has not accoun-ted for it to the partnership, he would be liable if defend-ants should recover. So that the evidence of defendants *tends* to fix a liability on Foster's estate, and his estate would ultimately be liable if a recovery was had, and his representative could not show a payment by Foster to the firm. We distinguish this case from *Field vs. Walker* in the 36 *Ga.*, relied upon by counsel for plaintiffs in error.

The living witnesses were offered *there* to prove their deceased alleged co-contractor was not authorized to sign their names to the paper sued on. These witnesses and the deceased were parties on the *same side* of the contract sued on—the deceased man was not a party to the cause. But in this case the plea is in the nature of a cross action against the living partner for an act against his copartner in receiving money and failing to give defendants credit for it. In *Leaptrot vs. Robinson*, 37 *Ga.*, this court held "that in a transaction with partners and one is dead, the opposite *living party* could testify to any matters within the knowledge of the *living member* of the firm." The inference is irresistible that if offered to prove transactions with the *dead member* he would not be competent.

The construction of this act by this court, and the law itself, proceeds upon the idea that a witness, a party to the contract or cause of action in issue and on trial, is incompetent when the mouth of the other party is closed by death, touching matters pertaining to the issue or contract about which the living and dead parties are alone cognizant.

Let the judgment of the court below be affirmed.

JACKSON, Chief Justice, concurring.

The partner to whom the payment was alleged to be made was dead. The issue was whether that payment was or was not made, and it arose on a suit brought by the surviving partner, but who had bought the interest of the dead partner. It was proposed to prove the payment by the defendants to the suit who pleaded the payment. The question is, were they competent to prove payment to the dead partner? Clearly not; because the mouth of the partnership as to payment was as effectually closed in death as if both were dead, the payment being to the dead partner, and that transaction being between defendants and him *alone*, and that transaction was the issue.

The principle on which the receipt of money by one partner binds both, is that of agency. If the agent is the representative of the principal in the contract or transaction at issue and is dead, the other party is incompetent.

So that if this dead partner were the mere agent of the living partner, the other side could not be heard. It is clear, therefore, that the defendants were not competent to prove this payment, the thing at issue.